**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THEO STUBBS** | ) | **CASE NO. 1:25-CV-02203** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE J. PHILIP CALABRESE** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE REUBEN J.** |
| | ) | **SHEPERD** |
| **CORRECTION OFFICER** | ) | |
| **HARRISON, et al.,** | ) | |
| | ) | **(Jury demand endorsed hereon)** |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANTS**

Defendants Warden Michelle Henry, Corrections Officer Harrison, Corrections Officer Krotzer, and Corrections Officer Jordan (hereafter collectively referred to as "Defendants") submit the following Answer and Affirmative Defenses to Plaintiff's Complaint:

1.      Paragraph one of Plaintiff's Complaint is a legal conclusion/statement, to the extent paragraph one is construed to contain any factual averments, Defendants deny any averments contained in paragraph one of Plaintiff's Complaint.

2.      Paragraph two of Plaintiff's Complaint is a legal conclusion/statement, to the extent that paragraph two is construed to contain any factual averments, Defendants deny any averments contained in paragraph two of Plaintiff's Complaint.

3.      Defendants admit the averments contained in paragraph three of Plaintiff's Complaint.

4.      Defendants admit the averments contained in paragraph four of Plaintiff's Complaint to the extent that Michelle Henry is the Warden of the Cuyahoga County Corrections Center and is generally responsible for the operations of the facility.

1

5. Defendants admit the averments contained in paragraph five of the Plaintiff's Complaint to the extent that Harrison was a corrections officer assigned to the Cuyahoga County Correction Center. Defendants deny the remaining averments in paragraph five.

6. Defendants admit the averments contained in paragraph six of the Plaintiff's Complaint to the extent that Krotzer was a corrections officer assigned to the Cuyahoga County Correction Center. Defendants deny the remaining averments in paragraph six.

7. Defendants admit the averments contained in paragraph seven of the Plaintiff's Complaint to the extent that Jordan was a corrections officer assigned to the Cuyahoga County Correction Center. Defendants deny the remaining averments in paragraph seven.

8. Paragraph eight of Plaintiff's Complaint is a legal conclusion. To the extent paragraph eight is construed to contain any factual averments, Defendants deny any such averments contained in paragraph eight.

9. Defendants deny the averments contained in paragraph nine of Plaintiff's Complaint.

10. Defendants deny the averments contained in paragraph ten of Plaintiff's Complaint.

11. Defendants deny the averments contained in paragraph eleven of Plaintiff's Complaint.

12. Defendants deny the averments contained in paragraph twelve of Plaintiff's Complaint.

13. Defendants deny the averments contained in paragraph thirteen of Plaintiff's Complaint.

14. Defendants deny the averments contained in paragraph fourteen of Plaintiff's Complaint.

15.     Defendants deny the averments contained in paragraph fifteen of Plaintiff's Complaint.

16.     Defendants deny the averments contained in paragraph sixteen of Plaintiff's Complaint.

17.     Defendants deny the averments contained in paragraph seventeen of Plaintiff's Complaint.

18.     Defendants deny the averments contained in paragraph eighteen of Plaintiff's Complaint.

19.     Defendants deny the averments contained in paragraph nineteen of Plaintiff's Complaint.

20.     Defendants deny the averments contained in paragraph twenty of Plaintiff's Complaint.

21.     Defendants deny the averments contained in paragraph twenty-one of Plaintiff's Complaint.

22.     Defendants deny the averments contained in paragraph twenty-two of Plaintiff's Complaint.

23.     Defendants deny all averments contained in Plaintiff's Complaint not specifically admitted herein.

AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff lacks standing to seek injunctive relief.

3.     Plaintiff's Complaint fails to join one or more necessary parties.

3

4. Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997, *et seq.*

5. Plaintiff's claims are barred by the PLRA for failure to exhaust his administrative remedies.

6. Defendants are entitled to all immunities available under federal and state law, including but not limited to absolute and qualified immunity.

7. Defendants are entitled to all immunities available under Ohio R.C. §2744.01, *et seq.*

8. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or unclean hands.

9. Plaintiff's alleged injuries were caused in whole or in part by intervening and/or superseding acts, events, or omissions of entities other than the Defendants.

10. Defendants were not the proximate cause of Plaintiff's alleged injuries.

11. Plaintiff's claim for punitive damages is barred by law as to all Defendants.

12. Defendants are entitled to an award of attorney's fees and costs pursuant to, among other provisions, 42 U.S.C. 1988, if they prevail in this action.

13. Defendants reserve the right to amend their Answer to assert additional affirmative defenses that may arise during this litigation, whether in the course of discovery or otherwise.

Having fully answered Plaintiff's Complaint, Defendants respectfully request that this Court dismiss all the claims alleged against them, with prejudice, and enter a final judgment in their favor. Defendants further request that the Court award all costs and attorney fees incurred by them pursuant to 42 U.S.C. 1988 and Fed. R. Civ. P. 54.

Respectfully submitted,

Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, Ohio

By: */s/ Paul M. Shipp*
   Paul M. Shipp (0080794)
   PShipp@prosecutor.cuyahogacounty.us
   Assistant Cuyahoga County Prosecutor
   Cuyahoga County Prosecutor's Office
   The Justice Center, Courts Tower
   1200 Ontario St., 8th Floor
   Cleveland, OH 44113
   Phone: (216) 443-7813
   Fax: (216) 443-7602

   *Attorney for Defendants Henry, Harrison, Krotzer, and Jordan*

## JURY DEMAND

Defendants hereby demand a trial by the maximum number of jurors allowed by law.

   */s/ Paul M. Shipp*
   Paul M. Shipp (0080794)

   *Attorney for Defendants*

5