**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THEO STUBBS** | ) | **CASE NO. 1:25-CV-02203** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE J. PHILIP CALABRESE** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE REUBEN J.** |
| | ) | **SHEPERD** |
| **CORRECTION OFFICER** | ) | |
| **HARRISON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

Defendants Warden Michelle Henry, Corrections Officers Harrison, Krotzer, and Jordan (hereafter collectively referred to as "Defendants"), by and through counsel, hereby submit their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff's Complaint fails to state a plausible claim for relief against the Defendants. A memorandum of law in support of Defendants' motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, Ohio

By:  */s/ Paul M. Shipp*
Paul M. Shipp (0080794)
PShipp@prosecutor.cuyahogacounty.us
Assistant Cuyahoga County Prosecutor
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower
1200 Ontario St., 8th Floor
Cleveland, OH 44113
Phone: (216) 443-7813
Fax: (216) 443-7602

*Counsel for Defendants*

1

<u>**MEMORANDUM IN SUPPORT**</u>

## I.  INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiff brings this action against Defendants for alleged constitutional violations he allegedly suffered while held as a pretrial detainee in the Cuyahoga Couty Correctional Center ("CCCC" or "Jail") from December 17, 2023, to December 23, 2024. Plaintiff has failed to plead facts sufficient to support his claims and his Complaint should be dismissed against all Defendants.

## II.  FACTS

### A.  Procedural Facts

Plaintiff Theo Stubbs ("Plaintiff"), proceeding *pro se*, filed this action on October 15, 2025, pursuant to 42 U.S.C. 1983, for violations of his constitutional rights allegedly committed by Defendants under color of state law during his detention at the CCCC. (ECF No. 1, Complaint). Plaintiff also filed a motion to proceed in forma pauperis on October 15, 2025, which the Court granted on October 16th, 2025. Defendants were served on November 20, 2025. Plaintiffs filed an answer to the complaint on December 11, 2025.

### B.  Substantive Facts

Plaintiff is currently incarcerated at the Noble Correctional Institution located at 15708 McConnelsville Road, in Caldwell, Ohio. (ECF No. 1, *Complaint* at pgs. 2, 7). Plaintiff's claims arise from his time as a pretrial detainee of the State of Ohio in the custody of the CCCC. *Id.* at ¶ 3. Plaintiff's claims are against Defendant Henry, the Warden of the CCCC during the relevant time frame of Plaintiff's pretrial detainment, and Defendants Harrison, Krotzer, and Jordan, who were all Corrections Officers at the CCCC. *Id.* at ¶¶ 4-7. Plaintiff purports to sue each Defendant "individually and in his/her official capacity." *Id.* at ¶ 8.

Plaintiff claims that on March 19, 2024, Defendant Harrison "smashed" Plaintiff "in the cell door" as he stepped into his cell. *Id*. at ¶ 10. Plaintiff avers, without stating what, if any, injury he suffered, that he asked for medical treatment. He claims that after an hour, medical personnel checked his vitals and scheduled an appointment for an x-ray in the future, which he claims he did not receive. Plaintiff states that he believes this lack of receiving an x-ray happened in retaliation for a grievance he wrote about alleged misconduct of Defendant Harrison. *Id.* Plaintiff does ***not*** state that he suffered any injury from this alleged incident, nor does he allege any ongoing injury or condition he suffered as a result of not receiving an x-ray. Further, Plaintiff does not describe when he filed the grievance, the substance of the grievance, nor the outcome of the grievance process.

Plaintiff next claims that on March 28, 2024, Defendant Krotzer also "smashed" Plaintiff "in the cell door" while Plaintiff was entering his cell. *Id*. at ¶ 11. Plaintiff claims that he hit his head and became dizzy. Plaintiff claims that he asked for "medical," but Defendant Krotzer denied him medical treatment. However, Plaintiff states that a Corporal Chapman called medical for him. *Id*. Again, Plaintiff states that medical came and checked his vitals and scheduled another x-ray for April 11, 2024. *Id*. Plaintiff then claims that this x-ray appointment was "erased out the system" and that he did not receive an x-ray. Plaintiff does not allege any injury at this time or any ongoing medical need or condition that occurred due to not receiving an x-ray. *Id*.

Plaintiff then claims that on July 3, 2024, Defendant Jordan "smashed" Plaintiff "in the door" of his cell twice. *Id*. at ¶ 12. Plaintiff claims Defendant Jordan then denied him medical attention. Plaintiff then claims that he wrote a grievance about this incident and that a Corporal Bailey responded and sent medical to check Plaintiff. Plaintiff again states that his vitals were checked, and an x-ray was scheduled for July 15, 2024. Here, Plaintiff states that he was "in severe

3

pain and couldn't sleep on my left side." *Id.* Plaintiff does not state whether or not he received an x-ray thereafter, nor does he state whether his pain continued beyond the date of the alleged incident.

Plaintiff claims these actions constitute "deliberate indifference to medical needs, retaliation, and unsafe conditions…" which "violate Stubbs rights." *Id.* at ¶ 14. Plaintiff also claims that he was the victim of retaliation for "exercising his first amendment rights" (*Sic*) through the act of filing grievances against Defendants Harrison and Krotzer. *Id.* at ¶ 15. Plaintiff does not allege when he filed the grievances, the substance of the grievances, nor the outcome of the grievance process.

Plaintiff is seeking "a declaration that the acts and omissions" described in his Complaint violate his rights under "the Constitution and laws of the United States." *Id.* at ¶ 17. Plaintiff also seeks a preliminary and permanent injunction, "[O]rdering Defendants from further…toward Stubbs or any other inmate." *Id.* at ¶ 18. (Plaintiff's Complaint appears to leave out language after "from further…" or it was cut-off during photocopying). Plaintiff also requests punitive damages, nominal damages, and the costs of this action (even though this action is proceeding in forma pauperis).

### III.   LAW AND ARGUMENT

#### A.  Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court evaluates a Rule 12(c) motion "using the same standard that applies to … a motion to dismiss under Rule 12(b)(6)." *Moore v. Hiram Twp., Ohio*, 988 F.3d 353, 357 (6th Cir. 2021). A complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"At the motion to dismiss stage, a district court must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Anderson v. Monroe Cty. Corr. Facility*, S.D. Ohio No. 2:22-cv-4428, 2023 U.S. Dist. LEXIS 97951, at *4 (June 5, 2023), quoting *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022). "However, a plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Anderson,* quoting *Twombly* at 555. "*Pro se* complaints are construed liberally in favor of the pleader, but they, too, must satisfy the 'facial plausibility' standard articulated in *Twombly.*" *Anderson* citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

### B. Plaintiff Fails to State a Claim for Deliberate Indifference to Medical Needs Because He Has Not Pled That He Had an Objectively Serious Medical Need.

Plaintiff has failed to plead facts to show he had an "objectively serious medical need." Pretrial detainees have a constitutional right to be free from deliberate indifference to their serious medical needs. *Howell v. NaphCare, Inc.*, 67 F.4th 302, 310 (6th Cir. 2023). For a pretrial detainee, the right arises under the Fourteenth Amendment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). "…[F]or a deliberate indifference claim regarding a pretrial detainee to continue past a motion for judgment on the pleadings, a plaintiff must allege '(1) that [the detainee] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Cundiff v. Franklin Cty. Bd. of Commrs.*, S.D. Ohio No. 2:24-cv-289, 2025 U.S. Dist. LEXIS 50334, at *12 (Mar. 19, 2025), citing *Helphenstine v. Lewis Cty.*,

60 F.4th 305, 317 (6th Cir. 2023). Further, "An objectively serious medical need includes conditions that have been 'diagnosed by a physician as mandating treatment' or that are 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Howell*, 67 F.4th 302, 311, citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)).

"A plaintiff must meet an objective and subjective test to succeed on such a claim." *Kiekisz v. Cuyahoga Cty. Bd. of Commrs.*, N.D. Ohio No. 1:21-cv-00264, 2021 U.S. Dist. LEXIS 215979, at *13-14 (Nov. 9, 2021), citing *Trozzi v. Lake Cty.*, No. 1:20-CV-00684, 2021 U.S. Dist. LEXIS 124903, 2021 WL 2806215, at *4 (N.D. Ohio July 6, 2021). The Court in *Kiekisz* described the two components as follows:

> 'For the objective component, the detainee must demonstrate the existence of a sufficiently serious medical need.' *Id.* (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). 'For the subjective component, the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care.' *Id.* (quoting *Spears* at 254.) A defendant has a sufficiently culpable state of mind if he 'knows of and disregards an excessive risk to inmate health or safety.' *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A defendant's individual liability 'must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others.' *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).

*Kiekisz* at *13-14.

In the present case, Plaintiff has not pled facts sufficient to state a claim for deliberate indifference to his serious medical needs because he has not pled that he had an objectively serious medical need. Plaintiff does not state that he suffered any serious injury as a result of the alleged "door smashing" incidents in his Complaint. Plaintiff states that following both alleged incidents in March of 2024, he was seen by jail medical staff but does not state or describe any ongoing

6

injury or serious medical condition following the two alleged incidents. At most, Plaintiff claims he was dizzy after one incident, and did not receive an x-ray that was scheduled after each of the two incidents. For each of these allegations, Plaintiff does not describe any facts from which the Court could reasonably find that Plaintiff had a "serious medical condition" or that he was denied necessary medical care.

"A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore*, 390 F.3d at 897). "Under this standard, a line exists distinguishing minor illnesses that require treatment for 'convenience or comfort' such as colds, headaches, etc. from 'serious medical needs which may be 'life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once.'" *North v. Cty. of Cuyahoga*, N.D. Ohio No. 1:15-cv-01124-DAP, 2017 U.S. Dist. LEXIS 128855, at *25 (Aug. 14, 2017) citing *Watson v. McClain*, N.D. Ohio No. 3:14-cv-0132, 2014 U.S. Dist. LEXIS 133602 (Sep. 22, 2014), at *3 (quoting *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)).

Indeed, Plaintiff does not describe any ongoing injury, pain, or even discomfort until after a third alleged "door smashing" incident that he claims took place in July of 2024, over three months after the first two alleged incidents. After this alleged third incident, Plaintiff only claims that he was "in severe pain and couldn't sleep on my left side." *Compl.* at ¶ 12. Plaintiff does not state that this condition continued for any length of time, or that he suffered ongoing or permanent injury from this incident. This lone description of temporary discomfort certainly does not meet the definition of "an objectively serious medical need," and is certainly not a condition that has

been "diagnosed by a physician as mandating treatment," nor is it "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."

Plaintiff filed his Complaint more than one year after this alleged incident but does not allege any facts such as ongoing pain, limited mobility, or that he subsequently received an x-ray in state prison that revealed some injury he had suffered while a pretrial detainee. Plaintiff has simply not pled facts to demonstrate that he was denied necessary medical care for an objectively serious medical condition or need. As such, his claims for deliberate indifference to his serious medical needs should be dismissed against all Defendants.

### C. Plaintiff Fails to State a Claim for Deliberate Indifference to Medical Needs Because He Has Not Pled That Any of The Defendants Knew of an Excessive Risk to His Health or Safety And Disregarded It.

Plaintiff has failed to set forth sufficient facts to meet the subjective requirement of a deliberate indifference to medical needs claim and thus has not stated a facially plausible claim against the Defendants. Plaintiff has not pled facts showing that each Defendant knew of and disregarded an excessive risk to his health or safety. *Kiekisz* at *13-14. Further, in each instance described by Plaintiff in his Complaint, he was seen by jail medical staff. *Compl.* at ¶¶ 10-12.

"The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. In order to satisfy this culpable state of mind, the prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Palmer v. Harris*, N.D. Ohio No. 1:18 CV 225, 2018 U.S. Dist. LEXIS 197837, at *5 (Nov. 20, 2018), citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811, 837 (1994). In the present case, Plaintiff admits he was seen by medical staff following all three incidents he alleges.

Therefore, Plaintiff has not shown that he was denied medical care, or that each individual Defendant was aware that any ongoing substantial risk of serious harm to Plaintiff existed.

Plaintiff does not specify how much time passed before he was seen by medical following the alleged incident on July 3, 2024, only noting that he filed a grievance about not getting seen by medical. *Compl.* at ¶ 12. However, he states he was eventually seen by medical, and an x-ray was scheduled for July 15, 2024. Therefore, it can be deduced that he was seen by medical at some point between July 3 and July 15, 2024. The mere existence of a delay in receiving treatment is not enough to show deliberate indifference. *Santiago v. Ringle*, 734 F.3d 585, 593 (6th Cir. 2013).

Further, Plaintiff cannot state a claim for deliberate indifference because he did not receive an x-ray when he felt he should have. "…[T]he question whether an X-ray - or additional diagnostic techniques or forms of treatment - is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice…" *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Claims that prison medical personnel were negligent in diagnosing or treating a medical condition do not state a claim for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment." *Palmer* at *5-6, citing *Estelle,* 429 U.S. at 106. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

"A doctor's exercise of medical judgment, even if incorrect, does not constitute deliberate indifference to an inmate's serious medical needs." *Estelle* at 107. (The issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment even when an inmate identifies a number of medical options that were not pursued and would have led to an

9

appropriate diagnosis and treatment for the daily pain he was suffering). Further, Federal courts are reluctant to second-guess medical judgments in cases where a patient is receiving medical treatment, but the patient argues that the treatment is inadequate. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983.") (internal citations omitted). Therefore, Plaintiff cannot state a valid claim for deliberate indifference to his medical needs because he did not receive an x-ray, not to mention that he has failed to state what, if any, injury or medical condition an x-ray would have shown.

### D. Plaintiff Fails to State a Claim for Retaliation for Filing Grievances

Plaintiff has failed to plead facts sufficient to make out a claim for retaliation. Regarding retaliation, Plaintiff alleges, "I do believe it happened in retaliation for a grievance/kite I wrote on him for his misconduct." *Compl.* at ¶ 10. Plaintiff appears to be claiming that either the alleged March 19, 2024, "door smashing" incident or his not receiving an x-ray following this first alleged incident, are the adverse actions that he "believes" resulted from filing a grievance against Defendant Harrison. Plaintiff does not describe the timing or content of the grievance he filed against Defendant Harrison. Plaintiff then later claims, "By Plaintiff exercising his first amendment (*sic*) right of the United States Constitution, he has been retaliated upon by both Krotzer and Harrison, for grievances filed due to their misconduct." (Sic) *Id*. at ¶ 15.

As argued *supra*, Plaintiff has not alleged any serious medical need that occurred as a result of any actions of the Defendants. Plaintiff also admits he was seen by medical following each incident he alleges took place. Further, Plaintiff has failed to provide any factual allegations to suggest any of the Defendants were responsible for him not receiving an x-ray.

Plaintiff states he threatened to file a grievance on Defendant Jordan if he did not get medical attention after the alleged July 3, 2024, incident. Plaintiff goes on to state that he did file such a grievance and subsequently received medical attention at some point prior to July 15, 2024, the date when he claims an x-ray was scheduled. Therefore, Plaintiff cannot claim that this filing of a grievance was the cause of not receiving medical attention or an x-ray, because he admits he in fact received medical attention and an appointment for an x-ray after filing the grievance.

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Stewart v. Davis*, S.D. Ohio No. 2:11-cv-00689, 2011 U.S. Dist. LEXIS 106543, at *14-15 (Sep. 19, 2011), citing *Kennedy v. City of Villa Hills, Ky.*, 635 F.3d 210, 217 (6th Cir. 2011). "An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), citing *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). "This right is protected, however, only if the grievances are not frivolous." *Herron*, citing *Lewis v. Casey*, 518 U.S. 343, 353, 135 L. Ed. 2d 606, 116 S. Ct. 2174 (1996). Here, Plaintiff's retaliation claims based on filing grievances is protected conduct only to the extent that the underlying grievances were not frivolous. Plaintiff has attached no grievances to his Complaint, nor has he pled facts which describe the grievances he claims he filed against Defendants, for which he was retaliated against. As such, Plaintiff has failed to state a claim for retaliation.

The present retaliation claim is similar to that of the Plaintiff in *Dibiase v. Lake Cty. Det. Facility*, N.D. Ohio No. 1:12 CV 0944, 2012 U.S. Dist. LEXIS 104600, at *16-17 (July 25, 2012).

There, the Plaintiff was a *pro se* pretrial detainee who alleged that two corrections officers assaulted him in retaliation "from the grievance process." *Id*. at 1-2. In dismissing the complaint for failure to state a claim, the court held as to his retaliation claim:

> The Court finds plaintiff herein has failed to set forth sufficient allegations to state a retaliation claim against defendants Smith and Reed. While plaintiff summarily alleges that 'this assault results from retaliation from the grievance process,' he fails to provide any further factual allegations to explain or support this legal conclusion. Moreover, it is unclear what plaintiff means by his reference to the "grievance process." The numerous grievances referenced in the Complaint occurred after the alleged assault and, thus, cannot form the basis of plaintiff's claim that he was assaulted in retaliation for filing grievances. The Court can only conclude that plaintiff is referring to previous grievances he may have filed, however, ***plaintiff provides no factual allegations regarding the nature, content, or timing of any such grievances***. Further, even assuming plaintiff engaged in 'protected conduct' (i.e. filing grievances), plaintiff fails to provide any factual allegations suggesting defendant Smith and Reed's alleged use of excessive force was motivated by plaintiff's protected conduct.

*Dibiase* at \*16-17 (Emphasis added). Here, as in *Dibiase*, Plaintiff has provided "no factual allegations regarding the nature, content, or timing of any such grievances" he believes are the cause of any retaliation. Without sufficient description of what those grievances were for, and whether they predate the alleged incidents described in Plaintiff's Complaint, the Court cannot determine whether those grievances were frivolous or whether any alleged retaliation was motivated by Plaintiff's protected conduct of filing such grievances. Without such factual pleadings, Plaintiff has failed to state a valid claim against Defendants. Plaintiff's Complaint does not appear to attribute any retaliatory conduct to Defendant Warden Henry or Jordan. As such, any retaliation claims against Defendants Henry and Jordan should be dismissed.

### E. Plaintiff Fails to State a Claim for Unsafe Conditions

Plaintiff's Complaint states, "The deliberate indifference to medical needs, retaliation, and **unsafe conditions** violate Stubbs (*sic*) rights." *Compl.* at ¶ 14. (Emphasis added). To the extent Plaintiff's Complaint may be construed to be alleging that the incidents he describes create unsafe conditions of confinement, he has failed to state a claim. As a pretrial detainee, his constitutional "…[P]rotections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being 'punished prior to an adjudication of guilt[,]' rather than the Eighth Amendment, which applies to prisoners convicted of crimes." *Faiola v. Cty. of Mahoning*, N.D. Ohio No. 4:23-cv-1854, 2024 U.S. Dist. LEXIS 79183, at *2-3 (May 1, 2024) citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). "But like claims of convicted prisoners arising under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment require that he demonstrate both subjective and objective components." *Faiola* at *3, citing *Helphenstine,* 60 F.4th at 316-17.

"To satisfy the objective component, a pretrial detainee must demonstrate that he suffered a 'sufficiently serious' condition or deprivation in the prison context." *Faiola* at *3, citing *Helphenstine* at 317. "In this regard, it is well-established that 'the Constitution does not mandate comfortable prisons.'" *Faiola* at *3, citing *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). "Therefore, only allegations of 'extreme deprivations' that deny a prisoner 'the minimal civilized measure of life's necessities' are sufficient to state a claim." *Faiola* at *3, citing *Hudson v. McMillan*, 503 U.S. 1, 8-9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). "To satisfy the subjective component, a pretrial detainee must show that a defendant official 'not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm

13

that is either known or so obvious that it should be known.'" *Faiola* at *3, citing *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021).

Plaintiff's Complaint fails to set forth any facts supporting a claim for unsafe conditions of confinement as a pretrial detainee. Plaintiff has not pled facts to support that he suffered "extreme deprivations" that denied him "the minimal civilized measure of life's necessities." Nor has Plaintiff pled facts demonstrating that any Defendant acted deliberately (not accidentally) or recklessly "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Plaintiff admits that he received medical attention. Because Plaintiff has failed to plead any facts to support a claim for unsafe conditions of confinement, his Complaint should be dismissed for failure to state a claim.

### F. Plaintiff Fails to State a Claim Against Defendant Henry.

Section 1983 liability cannot be premised solely on a theory of *respondeat superior.* *Spencer v. Jordan,* S.D. Ohio No. 1:22-cv-557, 2023 U.S. Dist. LEXIS 97955, at *9 (June 5, 2023), citing *Hays v. Jefferson Cty.*, 668 F.2d 869, 872 (6th Cir. 1982). "Supervisory officials are not liable in their individual capacities unless they 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Spencer* at *9, citing *Hays* at 874. "A supervisor cannot be held liable 'simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another' and 'a mere failure to act will not suffice to establish supervisory liability.'" *Id.* citing *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2018).

In this case, Plaintiff does not allege Defendant Warden Henry was personally involved in any of the activities which form the basis of his claims. "...[I]t is well established that a plaintiff

14

cannot establish the liability of a supervisory defendant under § 1983 absent a clear showing that the defendant was personally involved in the activities which form the basis of his claims." *Faiola* at *7-8, citing *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). As Plaintiff has failed to plead any facts alleging Defendant Henry was individually involved in any actions he alleges, he has failed to state a claim, and his Complaint should be dismissed as against Defendant Henry.

Respectfully submitted,

Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, Ohio

By: */s/ Paul M. Shipp*
Paul M. Shipp (0080794)
PShipp@prosecutor.cuyahogacounty.us
Assistant Cuyahoga County Prosecutor
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower
1200 Ontario St., 8th Floor
Cleveland, OH 44113
Phone: (216) 443-7813
Fax: (216) 443-7602

*Attorney for Defendants Henry, Harrison, Krotzer, and Jordan*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local R. 7.1(f), I hereby certify that this Memorandum in Support does not exceed 15 pages. Although this case has not yet been assigned a case track, counsel for Defendants hereby makes a good faith estimate that this case would fall under the Standard Track.

*/s/ Paul M. Shipp*
Paul M. Shipp (0080794)
Assistant Prosecuting Attorney

15

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, a copy of the foregoing *Motion for Judgment on the Pleadings and Memorandum in Support* was filed using the Court's CM/ECF electronic filing system. A copy of the foregoing was also served on the following party via Regular U.S. Mail to:

Theo Stubbs
Inmate No. A820129
Noble Correctional Institution
15708 McConnelsville Rd.
Caldwell, OH 43724

*Plaintiff, pro se*

/s/ Paul M. Shipp
Paul M. Shipp (0080794)
Assistant Prosecuting Attorney