FILED

FEB 17 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

In The United States District Court
Northern District Of OHIO
Eastern Division

Theo Stubbs              Case No. 1:25-CV-02203-JPC
    Plaintiff

v.                       Judge J. Philip Calabrese

Correction Officer

Harrison, et al.,        Magistrate Judge Reuben J.
    Defendant           Sheperd

Plaintiff Response for the Judgement on the Pleadings

I. Plaintiff stated facts of the case as they happened. Plaintiff also attached copies of the grievances filed upon defendants to this response.

II. Plaintiff Stubbs actually filed this complaint August of 2024, in which did not get filed, so Plaintiff refiled this complaint October 15, 2025

   A. Plaintiff would not be in need of an xray if he was not severely injured from the incidents, and needed the xray to properly see what was wrong with his shoulder.

   B. Plaintiff expressed his injuries to other staff, as well as given Tylenol for pain, in which did nothing for the pain.

III. The complaint states factual claims as to what had happened to the Plaintiff.

A. After each incident the Plaintiff was given asprin until he was transfered to Lorain Correctional, where he was given Icy Hot ointment for the pain, and was told they do not given pain medicine.

B. Plaintiff complained about the wanton manner some of the defendants acted in. Denying a detainee medical needs knowing the acts that were committed against the Plaintiff is a matter of deliberate indifference.

C. By the Plaintiff vitals just being checked and not actually seen by a physician, there's no way to diagnose for any type of his pleas for medical, as well as the knowing of the actions caused by the defendants.

E. When the defendants named in this complaint denies medical needs knowing their actions caused injury to the Plaintiff, that became deliberate indifference. See Borchgrevink v. Harris County, 2025 U.S Dist. Lexis 192820. The defendants superiors having to contact medical because the defendants failed to do so, after their deliberate actions is cruel and unusual punishment. See Caprita v. Dunaway, 2024 U.S Dist. Lexis 225122. Pearson v. Prison Health Serv., 850 F.3d 526.

F. As a correction officer denying a detainee medical help is a violation of the constitution. See Irby v. Clearfield Cty Jail, 2020 U.S Dist. Lexis 100109. Carroll v. Douglas Cty., 2021 U.S Dist. 190304. Montano, 842 F.3d at 878.

G. There can be no denying a pretrial detainee medical needs, if so was punished by conditions. Denying a detainee medical care in jail qualifies as unconstitutional conditions amounting to punishment. See Dyer v. Houston, 964 F.3d, 374, 380 (5th Cir. 2020). The Fourteenth Amendment guarantees pretrial detainees medical needs met with deliberate indifference on the part of confining officials. See Austin v. Johnson, 328 F.3d 204, 210 n. 10 (5th Cir. 2003). Although both Eighth and Fourteenth Amendments protect the safety and bodily integrity of prisoners, the legal standards are virtually the same. As such the court needs only assess Stubbs right was clearly established at the time of the defendants alleged misconduct. See Meyer v. Majkic, 189 Fed Appx. 142.

H. The Plaintiff claims to retaliation shows in the grievances filed against Defendants. In which some grievances will be attached to this motion, and/or show during discoveries. Plaintiff was seen by medical, and was not adequately evaluated. There's no proper diagnoses from vitals check when

there's an injury. See *McCants v. Vereen* %, 2024 U.S Dist. Lexis 230528. *Huertas v. Guadarrama*, 2025 U.S. Dist. Lexis 128023. *Dantzler v Baldwin*, 133 F.4th 833. *Mateo v. Waltz*, 2023 U.S. Dist. Lexis 174655.

I. The Plaintiff admits to not writing Jordan up for his misconduct, but also expresses how Stubbs and Jordan weren't seeing eye to eye prior to the incident.

J. The claims of unsafe conditions show threw the grievances, by the untrained staff, and their wanton actions. See *Perez v. Fenogila* 792 F.3d 768 and *Hardy v. Rabie*, 147 F.4th 1156.

Respectfully Submitted,
Theo Stubbs Pro Se
Theo Stubbs 820129
N.C.I
15708 McConnelsville Rd
Caldwell, OH 43724

Certificate of Service

I hereby certify that on February 4, 2026, a copy of this foregoing Response to Judgement of Pleadings was mailed to the court, and a copy of the foregoing was also served to the following party to: Paul M. Shipp
Assistant Cuyahoga County Prosecutor
Cuyahoga County Prosecutor's Office
Justice Center, Court Towers
1200 Ontario St, 8th Floor
Cleveland, OH 44113