# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **THEO STUBBS** | ) | **CASE NO. 1:25-CV-02203** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE J. PHILIP CALABRESE** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE REUBEN J.** |
| | ) | **SHEPERD** |
| **CORRECTION OFFICER** | ) | |
| **HARRISON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' REPLY BRIEF

Defendants Warden Michelle Henry, Corrections Officers Harrison, Krotzer, and Jordan (hereafter collectively referred to as "Defendants"), by and through counsel, hereby submit their Reply brief.

Plaintiff's brief in opposition attaches "copies of the grievances filed upon defendants…" *Brief in Opp. at pg. 1, Sect. I.* These grievances were not attached to Plaintiff's complaint. Plaintiff's brief also includes factual allegations not contained in his Complaint, such as:

1) the allegation that he was given Tylenol for pain (pg. 1),

2) that "After each incident the Plaintiff was given asprin (sic) until he was transfered (sic) to Lorain Correctional, where he was given Icy Hot ointment for the pain, and was told they do not give pain medicine." (pg. 2),

3) the assertion that "The Plaintiff has witnesses of his pleas for medical…" (pg. 2), and,

4) the admission that "Plaintiff admits to not writing Jordan up for his misconduct, but also expresses how Stubbs and Jordan weren't seeing eye to eye prior to the incident." (pg. 4)

1

Neither the grievances attached to Plaintiff's brief, nor the above new factual assertions should be considered by the Court. "It is axiomatic that a plaintiff cannot add new claims to [his] complaint in an opposition to a motion to dismiss." *Edwards v. Warner-Lambert*, S.D. Ohio No. 2:05-cv-657, 2012 U.S. Dist. LEXIS 81684, at *15 (June 13, 2012), quoting *Ault v. Medina Med. Investors, LLC*, No. 1:06cv1113, 2007 U.S. Dist. LEXIS 1407 at *9 (N.D. Ohio Jan. 8, 2007). A plaintiff cannot use their opposition memoranda to attempt to add new claims or factual allegations against a defendant. *Lahti v. Consensys Software Inc.*, S.D. Ohio Civil Action No. 1:24-cv-183, 2025 U.S. Dist. LEXIS 41606, at *15-16 (Mar. 7, 2025), citing *Leeper v. HealthScope Ben.*, Case No. 2:10-cv-5401, 2020 U.S. Dist. LEXIS 47118, 2020 WL 1290089, *11 (S.D. Oh. Mar. 18, 2020) (noting that "[a] motion to dismiss tests the sufficiency of the complaint, not additional facts that are set forth in response to a motion to dismiss" and finding that "it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (internal quotations omitted).

"Yet it is black-letter law that, with a few irrelevant exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings." *Bates v. Green Farms Condominium Assn.*, 958 F.3d 470, 483 (6th Cir. 2020) (Citations omitted). "This rule applies just as much when the plaintiff attaches evidence to its opposition as when (as is more common) the defendant attaches evidence to its motion." *Id.* "The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." *Id.*, (Citations omitted). Thus, in the present case, to the extent that Plaintiff's brief asserts new facts or attaches new documents not contained in the Plaintiff's complaint, the Court should not take those facts into account in considering Defendants' motion.

Plaintiff cites *Borchgrevink v. Harris County*, S.D. Tex. No. 4:23-CV-03198, 2025 U.S. Dist. LEXIS 192820 (Sep. 30, 2025) for the proposition that "When the defendants named in this complain denies medical needs knowing their actions caused injury to the Plaintiff, that became deliberate indifference." *Brief* at pg. 2, ¶ E. This is an incorrect statement of law. Further, *Borchgrevink* is a non-binding case from the southern district of Texas. *Borchgrevink* involved conditions of confinement, episodic acts and omissions, and failure to train claims. In the present case, Plaintiff is pursuing a deliberate indifference to serious medical needs claim. He has failed to plead facts to show he had an "objectively serious medical need" as required by law. "…[F]or a deliberate indifference claim regarding a pretrial detainee to continue past a motion for judgment on the pleadings, a plaintiff must allege '(1) that [the detainee] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Cundiff v. Franklin Cty. Bd. of Commrs.*, S.D. Ohio No. 2:24-cv-289, 2025 U.S. Dist. LEXIS 50334, at *12 (Mar. 19, 2025), citing *Helphenstine v. Lewis Cty.*, 60 F.4th 305, 317 (6th Cir. 2023). As Plaintiff has failed to plead a serious medical need that was deliberately and recklessly ignored in the face of an unjustifiably high risk of harm, his complaint should be dismissed.

Plaintiff next cites *Caprita v. Dunaway*, S.D. Ohio No. 2:22-cv-3324, 2024 U.S. Dist. LEXIS 225122 (Dec. 12, 2024) and *Pearson v. Prison Health Serv.*, 850 F.3d 526 (3d Cir. 2017) to support his statement that "The defendants (sic) superiors having to contact medical because the defendants failed to do so, after their deliberate actions is cruel and unusual punishment." *Brief* at pg. 2, ¶ E. Neither case stands for that particular proposition. Further, deliberate indifference to serious medical needs of a pretrial detainee, under the Fourteenth Amendment, is a different legal

3

claim than one made for cruel and unusual punishment, generally under the Eighth Amendment. Additionally, Plaintiff admits that he was seen by medical following each alleged incident, so this is not a case where Plaintiff is claiming he received no medical attention at all. Plaintiff's complaint still fails to allege any specific medical problems he experienced resulting from the purported violations of his Constitutional rights. As such, his complaint should be dismissed.

Plaintiff also cites *Irby v. Clearfield Cty. Jail*, W.D. Pa. No. 3:18-CV-118-KRG-KAP, 2020 U.S. Dist. LEXIS 100103 (June 5, 2020), *Carroll v. Douglas Cty.*, D. Neb. No. 8:21-CV-233, 2021 U.S. Dist. LEXIS 190304 (Oct. 1, 2021), and *Montano v. Orange Cty., Texas*, 842 F.3d 865 (5th Cir. 2016) to support his assertion that, "As a corrections officer denying a detainee medical help is a violation of the constitution (sic)." *Brief* at pg. 3, ¶ F. None of these cases directly stand for Plaintiff's proposition. In fact, the court in *Irby* held:

> As for the claim against Collins, accepting that plaintiff made the single request for medical attention that he claimed to have made a day or two after March 27, 2017, the content of which request is completely unknown, it would not have been deliberate indifference for Collins not to have responded to it. ***Deliberate indifference is not failure to respond to an inmate's complaints.*** For a deliberate indifference claim against Collins to go to a jury there must be evidence that Collins "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Even if plaintiff experienced a popping in his wrist that has not prompted any action by plaintiff in three years, there is no evidence that Collins knew about this injury or drew the conclusion that it was a serious medical need.

*Irby* at *10-11. (Emphasis added). "Denying a detainee medical help" does not automatically equate to a violation of the Constitution, as Plaintiff asserts. Rather, the standard is "(1) that [the detainee] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Cundiff* at *12. Plaintiff's citations do not change

4

the lack of factual allegations in his complaint that meet the standards of the law to survive a motion for judgment on the pleadings and should be dismissed.

Plaintiff next argues that "There can be no denying a pretrial detainee medical needs, if so was punished by conditions. Denying a detainee medical care in jail qualifies as unconstitutional conditions amounting to punishment." *Brief* at pg. 3, ¶ G. Plaintiff then cites *Dyer v. Houston*, 964 F.3d 374 and 380 (5th Cir. 2020). Plaintiff has again mis-stated the legal standard that applies to his claims. Firstly, Plaintiff in this case does not allege that he was denied medical care. He admits he was seen by medical staff after each incident he alleges in his complaint. He chiefly complains that he failed to receive an x-ray. Second, medical staff failing to give Plaintiff an x-ray does not state a claim for deliberate indifference to a serious medical need. *Palmer v. Harris*, N.D. Ohio No. 1:18 CV 225, 2018 U.S. Dist. LEXIS 197837, at *5-6 (Nov. 20, 2018), citing *Estelle v. Gamble*, 429 U.S. 97, 107; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("But the question whether an X-ray - or additional diagnostic techniques or forms of treatment - is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.")

Finally, Plaintiff claims that while he was seen by medical, he was not adequately evaluated. *Brief* at pg. 3-4, ¶ H. Federal courts are reluctant to second-guess medical judgments in cases where a patient is receiving medical treatment, but the patient argues that the treatment is inadequate. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983.") (internal citations omitted). Therefore, Plaintiff cannot state a valid claim for deliberate indifference to his medical needs because he did

5

not receive an x-ray, not to mention that he has failed to state what, if any, injury or medical condition an x-ray would have shown.

In conclusion, Plaintiff's brief in opposition fails to distinguish or negate the law Defendants cite in support of their motion for judgment on the pleadings. Plaintiff's newly attached grievances and newly alleged facts should not be considered in deciding Defendants' motion. Plaintiff's complaint should be dismissed.

Respectfully submitted,

Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, Ohio

By:  */s/ Paul M. Shipp*
Paul M. Shipp (0080794)
PShipp@prosecutor.cuyahogacounty.us
Assistant Cuyahoga County Prosecutor
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower
1200 Ontario St., 8th Floor
Cleveland, OH 44113
Phone: (216) 443-7813
Fax: (216) 443-7602

*Attorney for Defendants Henry, Harrison, Krotzer, and Jordan*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, a copy of the foregoing *Reply Brief* was filed

using the Court's CM/ECF electronic filing system. A copy of the foregoing was also served on

the following party via Regular U.S. Mail to:

Theo Stubbs
Inmate No. A820129
Noble Correctional Institution
15708 McConnelsville Rd.
Caldwell, OH 43724

*Plaintiff, pro se*

/s/ Paul M. Shipp
Paul M. Shipp (0080794)
Assistant Prosecuting Attorney