IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THEO STUBBS, | ) | CASE NO.  1:25-cv-02203-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE   J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE  REUBEN J. SHEPERD |
| | ) | |
| WARDEN HENRY, et al., | ) | **RULE 26(F) REPORT OF THE PARTIES** |
| | ) | |
| Defendants. | ) | |

### 1.      Attendance at Case Management Conference

Pursuant to Local Rule 16.3(b)(3), the parties hereby submit the following joint statement

regarding the agenda for the Case Management Conference to be held on March 6th, 2025    , and

attended by:

Theo Stubbs, pro se         , counsel for Plaintiff(s)    Theo Stubbs              ;

                         , counsel for Plaintiff(s)                          ;

                         , counsel for Plaintiff(s)                          ; and

    Paul M. Shipp          , counsel for Defendant(s) All Defendants           ;

                         , counsel for Defendant(s)                       ;

                         , counsel for Defendant(s)                       .

### 2.      Important Notice for Parties

Before counsel commit to dates and a discovery plan, the Court expects that they have

consulted with their respective clients and that clients have provided counsel with sufficient and

accurate information to conduct a meaningful conference with opposing counsel and the Court,

including on matters regarding discovery of electronically stored information and the key issues on

1

which the parties require early and limited discovery or rulings to facilitate prompt resolution, if one is possible.

Once the Court sets dates at the Case Management Conference or at any subsequent conference, the Court will not change those deadlines without a showing of good cause. Good cause does not include a failure to conduct a reasonable investigation or to have an adequate conference about the issues before the deadline was set.

**3.  Track Assignment**

This case should be assigned to the following track:

| | | |
|---|---|---|
| ☐ Expedited | | ☐ Mass Tort |
| ☐ Complex | | ☐ Administrative |
| ☒ Standard | | |

**4.  Alternative Dispute Resolution**

This case ☐ is/ ☒ is not presently suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

| | | |
|---|---|---|
| ☐ Early Neutral Evaluation | | ☐ Summary Jury Trial |
| ☐ Mediation | | ☐ Summary Bench Trial |
| ☐ Arbitration | | |

If the parties believe this matter is *not* presently suitable for ADR but might be later, please identify with particularity what discovery would be necessary before ADR might be appropriate:

**Discovery on Plaintiff's medical records and what, if any, injury he alleges he suffered due to Defendants' alleged conduct either via medical record review or deposition of Plaintiff.**

2

**5.**     **Consent to the Magistrate Judge**

The parties ☒ do ☐ do not consent to the jurisdiction of the United State Magistrate Judge under 28 U.S.C. § 636(c).

**6.**     **Pre-Discovery Disclosures**

The parties:

☐     have exchanged pre-discovery disclosures; or

☐     will exchange pre-discovery disclosures by _____;                    .

If selecting this option, please explain why counsel decided to hold the Rule 26(f) conference without the benefit of initial disclosures:

☒     are not required to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(B).

If selecting this option, please identify the provision of Rule 26 authorizing an exemption:

**Per Federal Rule of Civil Procedure 26(a)(1)(B)(iv), this action is exempt from initial disclosure requirements because it involves a pro se plaintiff who is currently incarcerated.**

**Additionally, under Rule 26(f)(1), the obligation to confer regarding discovery does not apply in cases exempted under Rule 26(a)(1)(B).**

**7.**     **Electronically Stored Information**

Unless otherwise indicated, the parties will follow the default standard for discovery of electronically stored information (Appendix K to the Local Rules for the Northern District of Ohio).

3

**8.      Privileged and Confidential Materials**

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(D), the parties' discovery plan must state

their views and proposals on any issues about claims of privilege or of protection as trial-preparation

materials. If the parties agree on a procedure to assert these claims after production, the discovery plan

must indicate whether they will ask the court to include their agreement in an order under Federal Rule

of Evidence 502.

Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B) governs the

inadvertent disclosure of privileged materials.

**9.      Case Management Deadlines**

- Motions seeking to **add parties or amend pleadings** must be filed on or before **March 3, 2026**      .

- **Non-expert discovery** must be completed on or before **May 21, 2026**      .

- **Expert reports** for the party bearing the burden of proof on the issue addressed must be submitted to opposing counsel on or before **June 22, 2026**      .

- **Responsive reports** are due by **August 6, 2026**    .

- **Expert discovery** must be completed on or before **October 6, 2026**  .

- **Dispositive motions** must be filed on or before **October 30, 2026** .

**10.      Filing of Discovery Materials**

Unless otherwise ordered by the court, initial disclosures, discovery depositions,

interrogatories, requests for documents, requests for admission, and answer and responses thereto

**must not** be filed in the Electronic Case Filing System, except that discovery materials may be filed as

evidence in support of a motion or for use at trial.

**11.      Discovery Deadlines**

Discovery must be conducted according to the guidelines set forth in Local Civil Rule 16.2(a)

4

for cases assigned to the case management track referred to in Section 3, above.  The Court specifically directs the parties to comply with Local Civil Rule 37.1 including the obligation to contact the presiding judicial officer by telephone, before filing any motion under Federal Rule of Civil Procedure 37 seeking aid from the Court in discovery matters.

    **12.**      **Summary Judgment Motions**

Motions for summary judgment may be filed at any time authorized under Federal Rule of Civil Procedure 56 but the filing of such motions prior to the completion of discovery relevant to issues raised is discouraged.  The requirements of Rule 56, including those under Rule 56(e) and (f) will be strictly applied.

Dated:  2/23/26

                                          Counsel for Plaintiff

                                          Paul M. Shipp   (0080794)

                                          Counsel for Defendants