**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THEO STUBBS, | CASE NO. 1:25-cv-2203-JPC |
| Plaintiff, | DISTRICT JUDGE J. PHILIP CALABRESE |
| vs. | MAGISTRATE JUDGE REUBEN J. SHEPERD |
| WARDEN HENRY, et al., | |
| Defendants. | **CASE MANAGEMENT CONFERENCE ORDER** |

A case management conference was conducted in this matter on March 6, 2026, and was attended by:

Theo Stubbs, pro se; and

Paul M. Shipp, counsel for Defendants.

All parties do consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For consent to be effective, the Magistrate Consent Form must be completed and signed by the parties; counsel for Defendants is directed to submit the form no later than March 13, 2026.

The parties and counsel are strongly encouraged to discuss the possibility of settlement while the case is progressing. If a settlement is reached, the parties must timely submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in progress by promptly contacting the Court's Courtroom Deputy, at 216-357-7135 or Sheperd_Chambers@ohnd.uscourts.gov.

1

## CASE MANAGEMENT DATES AND TRACK ASSIGNMENT

Pursuant to Local Civil Rule 16.2, this case is assigned to the standard track. Unless otherwise ordered by the Court, the following deadlines will be in effect:

- Deadline to file motion seeking to add parties or amend pleadings: March 3, 2026.

- Deadline to complete all non-expert discovery: May 21, 2026.

- Deadline for party with burden of proof on a claim or defense to disclose expert report(s): June 22, 2026.

- Deadline for responsive reports: August 6, 2026.

- Deadline to complete expert discovery: October 6, 2026.

- Deadline for filing dispositive motions on other matters: October 30, 2026.

No discovery materials may be filed without leave of Court, except as necessary to support a dispositive motion or motion to compel. Pursuant to Local Civil Rule 7.1, any brief in opposition to a dispositive motion must be filed within 30 days of the filing of the motion. Any reply brief must be filed within 14 days of the opposition. No sur-reply brief may be filed without leave of Court.

## DISCOVERY

**Pre-Discovery Disclosures**

The parties are not required to make initial disclosures pursuant to Federal Rule 26(a)(1)(B)(iv).

**Electronically-Stored Information**

Unless otherwise indicated, the parties will follow the default standard for discovery of electronically stored information (Appendix K to the Local Civil Rules for the Northern District of Ohio).

2

**<u>Privileged and Confidential Materials</u>**

Federal Rules of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the inadvertent disclosure of privileged materials.

**<u>Discovery Expectations</u>**

The parties are reminded of their obligations under Federal Rule of Civil Procedure 26 and Local Civil Rule 26.1. No witness or exhibit will be permitted unless first disclosed to all counsel in accordance with orders of this Court and applicable Rules.

**Counsel shall comply with Local Civil Rules 30.1 and 37.1 before filing any motions seeking Court intervention in discovery matters.**  As required by Local Civil Rule 37.1, parties shall not bring discovery disputes to the Court without having made "sincere, good faith efforts to resolve such disputes."  To make a sincere good faith effort under Local Civil Rule 37.1(a)(1), the parties must communicate by telephone, video conference, or in person to discuss resolution of any discovery dispute before seeking Court intervention. **It is insufficient to simply exchange written communications.**

If the parties are unable to resolve a discovery dispute through the above sincere good faith efforts, they are instructed to give the Court informal notice of the dispute via email to Chambers at Sheperd_Chambers@ohnd.uscourts.gov, which shall include a certification of the good faith efforts made. The Court may then choose to hold a telephone conference or take other steps to resolve the dispute. If the Court is unable to resolve the dispute informally, the Court may authorize the filing of a discovery motion. **No party shall file a motion to compel, motion for protective order, or motion for sanctions unless first granted permission by the Court.**

<b><u>MOTIONS</u></b>

Motion practice shall be guided by Local Civil Rule 7.1, in addition to other Local and

3

Federal Rules of Civil Procedure.  All motions filed shall indicate whether they are opposed or unopposed.  Parties are reminded to comply with all Federal Rules of Civil Procedures and Local Civil Rules, including, but not limited to, the page limitation and formatting requirements for briefs.  If the exhibits and appendices associated with a motion exceed 50 pages in length, a courtesy copy shall be provided to Chambers within one week of filing.

If a party intends to rely on deposition testimony in support of its position on a motion, the entire deposition transcript(s) shall be filed separately, in text-searchable PDF format. Discovery material submitted in support of any party's position must be filed at the same time as that party's memorandum setting forth its position. **Factual allegations or arguments not supported by a proper citation to the evidentiary record will not be considered.**

Any request for extension of time or to exceed page limitations shall be filed at least five days prior to a due date for the filing.  Failure to follow these requirements may result in denial of the requested extension.  A request for extension of time that is compliant with these requirements may be granted upon a showing of good cause.  Multiple requests for extensions of time will be disfavored.

No party may file a motion for summary judgment prior to the close of non-expert discovery without leave of Court.  The filing of a dispositive motion before the completion of discovery does not relieve any party of its obligation to meet the discovery deadlines in this Order. No party may file more than one motion for summary judgment without leave of Court.

**FILING DOCUMENTS UNDER SEAL**

All parties must comply with Local Civil Rule 5.2 regarding the filing of documents under seal. **No party shall file a document or information under seal without leave of Court granted in advance.** No protective order or other sealing order may serve as blanket authority to file documents or information under seal. If permission is granted to file a sealed document in

4

connection with a motion, only the relevant document may be filed under seal. Neither the motion nor any related briefing may be filed under seal.

When a matter ultimately comes to hearing or trial, the courtroom will not be sealed, and any hearings, trial proceedings, or rulings by the Court will be public. Any documents or information provided in that public setting will no longer enjoy a protected or confidential designation, absent a specific Court order to the contrary.

## ELECTRONIC FILING & NOTIFICATIONS

This case is subject to mandatory electronic filing pursuant to Local Civil Rule 5.1(c).  If not already completed, all counsel must submit Attorney Registration Forms to the Clerk of Court as soon as possible so that attorney user accounts can be established. Only counsel of record will be notified of court proceedings. Information about registering for electronic filing can be viewed at https://www.ohnd.uscourts.gov/electronic-filing-registration.

Pro se litigants may register to receive a "read only" electronic filing account to access documents in the system and receive electronic notice, but all filings by a pro se litigant filings must be completed manually.

Counsel and pro se litigants have an affirmative duty to notify the Court promptly of any change in address or other contact information. Information about updating contact information can be viewed at https://www.ohnd.uscourts.gov/attorney-registration-change-nameaddress-primary-email. Pro se litigants must file a written notice of change of address with the Court.

## ALTERNATIVE DISPUTE RESOLUTION

After discussion with the parties, the Court determined that Alternative Dispute Resolution may be useful in this case at the close of discovery. The Court and the parties will discuss the matter further at the next status conference.

## STATUS CONFERENCE, FINAL PRETRIAL CONFERENCE, AND TRIAL

A telephone status conference will be held at a later date.

An in-person final pretrial conference date and trial date will be set at a later time.

**Unless otherwise ordered by the Court, parties with ultimate settlement authority must be personally present for settlement conferences and the final pretrial conference. Ultimate settlement authority means the authority to enter into a binding settlement agreement without contacting anyone else for approval.** All named individual parties and the authorized representatives of all named corporate, governmental, or other parties must attend the settlement conference, together with lead counsel for each party.

When the settlement decision will be made in whole or in part by an insurance company, the insurance company must send a representative in person with full and complete authority to bind the company up to the value of the plaintiff's claim and/or defendant's counterclaim. A governmental entity must send a representative authorized to act on its behalf, and to bind the governmental entity up to the value of the plaintiff's claim and/or defendant's claim, understanding that some settlement decisions may be subject to further approval by an elected municipal board. A corporate entity must send a representative with full and complete authority to bind the entity up to the value of the plaintiff's claim and/or defendant's counterclaim. If a committee, board, or similar body determines a party's authority, counsel must notify the Court and opposing counsel no later than five business days prior to the settlement conference or final pretrial conference.

IT IS SO ORDERED.

Dated: March 6, 2026

_____

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE