In The United States District Court
Northern District of Ohio
Eastern Division

FILED

MAR 10 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Theo Stubbs
Plaintiff

v.

Correction Officer
Harrison, et.at.,
Defendant

Case No. 1:25-CV-02203

Judge J. Philip Calabrese

Magistrate Judge Reuben J.
Sheperd

## Plaintiff Reply Brief

The grievances filed were apart of the discovery not apart of the opposition or complaint. As the defendants were suppose to send form authorizing the Plaintiff medical records for the discovery, in which has not been recieved by Plaintiff.

1.) The defense stated the Plaintiff had no claim.
2.) The denial of medical treatment was by the defendants.
3.) The Plaintiff explained how/why the defendants retaliated against him, and acted in an wanton manner that was not accidently.
4.) The Plaintiff also filed a motion to appoint counsel.

The grievances attached to brief are apart of the discovery, in which the defendants claim was not apart of complaint, instead of discovery. That shows and proves the denial of medical treatment by the defendants. As well as the retaliatory actions toward the Plaintiff. That alone this case should not be dismissed, and a jury should determine the facts.

Yet the Plaintiff is pro se with limited legal exposure/knowledge, therefore the Plaintiff filed a motion to appoint counsel to give legal guidance. Plaintiff followed the same steps as he did in Stubbs v. Henry 2025. Filed grievances for discovery in the opposition brief. For the Plaintiff seeking medical treatment there must be a serious medical need. The deliberate indifference falls on the defendants acting in a wanton manner, knowing and willingly disregarded thier actions in denying the plaintiff medical treatment. To support "Irby v. Clearfield Cty Jail" every defendant who acting in a wanton and denying Plaintiff of medical needs, all knew of the injury they caused, and still denied Stubbs to be seen by medical. The defendants knew of and still did nothing, which is deliberate indifference by the defendants.

The factual allegations meet the standard of the law to survive a motion for judgement on the pleadings, and therefore should not be dismissed. In fact the Plaintiff clearly states that the defendants did, in so deny him medical treatment. He also states that the defendants supervisors had to call medical after he was already denied by the defendants. The Plaintiff chiefly claims he was denied medical treatment and states that he was scheduled three xrays of which he did not recieve two of the three xrays. The plaintiff claim is not of recieving medical attention, it's being denied medical attention after being injured by the wanton action of the defendants, Harrison, Krotzer, and Jordan.

With this brief comes the Plaintiff's first request for production of documents.

Respectfully Submitted,
Theo Stubbs Pro Se
# 820129
N.C.I
15708 McConnelsville Rd
Caldwell, OH 43724

Certificate of Service

I hereby certify that on March 3, 2026 a copy of the foregoing Brief and Motion was mailed to the courts. A copy of the foregoing was also served on the following party via mail to:

Paul M. Shipp
Assitant Prosecuting Attorney
Cuyahoga County Prosector's office
Justice Center · Court Towers
1200 Ontario Street 8th Floor
Cleveland, Ohio 44113

Theo Stubbs  Pro Se
Theo Stubbs #820129
N. C. I
15708 McConnelsville Rd
Caldwell, OH 43724