Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between the following parties:

1.      Theo Stubbs, for his heirs, executors, administrators, successors, assigns, attorneys, and agents (hereinafter "Plaintiff"), with the intent to be legally bound; and

2.      Defendants Warden Michelle Henry, Associate Warden Kevin O'Donnell, and Reverend Givens, their officers, public or elected officials, principals, agents, employees, employers, administrators, predecessors, contractors, representatives, counsel, servants, successors, assigns, insurers, affiliated entities, subsidiaries, and insurers, (hereinafter "County Defendants").

## WITNESSETH

**WHEREAS,** Plaintiff filed a Complaint in the United States District Court for the Northern District of Ohio, case number 24-cv-01482 ("Lawsuit") naming the County Defendants as parties in relation to an incident that occurred on or about April 11, 2024 ; and

**WHEREAS,** the County Defendants deny and dispute all liability for any such claims or injuries, losses, or damages; and

**WHEREAS,** Plaintiff and the County Defendants (collectively referred to as the "Parties") are mindful of the cost and uncertainties engendered by further litigation and wish to settle and compromise all disputes, differences, claims, and legal controversies between them as set forth herein, including any and all future claims or other claims for injury, loss, or damages as may be filed or asserted by Plaintiff against the County Defendants arising from the Lawsuit or its settlement via the instant Agreement.

**NOW, THEREFORE,** in consideration of the covenants and agreements herein contained and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.     Within sixty (60) days from the last to occur of the following events, namely: (1) the full execution of this Agreement or (2) the receipt of all necessary tax forms from Plaintiff, if necessary, the County Defendants agree to pay to Plaintiff Twenty Thousand Dollars ($20,000) ("Settlement Amount"). Upon delivery of the Settlement Amount, neither the County Defendants nor any other person or entity released under this Agreement shall have any further obligation to see to the proper application or distribution of the funds represented therein. The Settlement Amount shall be paid as follows:

- A warrant or check in the gross total amount of $20,000 to be paid to the law firm of Spangenberg Shibley & Liber LLP.

- The warrant or check shall be delivered to Plaintiff's Counsel, Kevin C. Hulick, Esq. of Spangenberg Shibley & Liber LLP at 1001 Lakeside Avenue East, Suite 1700, Cleveland, Ohio 44114.

2.     Plaintiff expressly consents and agrees to the foregoing distribution and delivery of the Settlement Amount described in Paragraph One of this Agreement and acknowledges and agrees that the Settlement Amount is being provided to settle and resolve disputed legal claims as set forth in the Lawsuit. Plaintiff hereby acknowledges and agrees that he is solely responsible for all federal, state, and/or local income tax and/or other tax liabilities, responsibilities, obligations, or consequences which are or may become due and payable in connection with the Settlement Amount being provided under Paragraph One of this Agreement, and Plaintiff understands that he

can and should consult with his financial advisor(s) and/or tax counsel regarding this subject. Plaintiff affirms that neither the County Defendants nor their counsel made any representations or warranties whatsoever concerning the potential tax obligations, responsibilities, liabilities and/or consequences associated with the Settlement Amount being provided hereunder. Plaintiff agrees to indemnify and hold harmless the County Defendants from and against all tax liabilities, obligations, responsibilities (including withholdings) or other tax consequences including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding the Settlement Amount.

3. Upon receipt of the warrant or check identified in Paragraph One above, Plaintiff shall promptly file in the United States District Court for the Northern District of Ohio, Eastern Division, a Notice of Dismissal, with Prejudice, of the Lawsuit, including all claims against the County Defendants and any other former or current employees of the County in their individual and official capacities, with the court retaining jurisdiction solely to enforce the settlement by the terms set forth herein, with each party to bear responsibility for his/her/its own costs, expenses, attorneys' fees, and any other litigation expenses.

4. For and in consideration of the foregoing promises, Plaintiff forever releases and discharges the County Defendants, and any other former or current employees of Cuyahoga County in their individual and official capacities – of and from any and all claims, damages, causes of action or suits at law or in equity of whatsoever kind or nature, including all claims for costs and attorney fees as well as all claims for pre-settlement and post-settlement interest, arising out of any act or occurrence up to and including the date hereof, and arising out of the events alleged in

the Lawsuit, including any and all facts and claims that were or could have been set forth in the Lawsuit.

5.      Further, this Settlement Agreement expressly includes any and all claims that Plaintiff may now or may hereafter have or assert against the County Defendants or Cuyahoga County arising from the facts and circumstances of the Lawsuit as recited herein, including, without limitation, claims for: personal injuries; civil rights violations; violation of any state or federal laws; violations of any constitutional rights recognized under the Constitution of the State of Ohio or of the United States; prejudgment interest, and/or post-judgment interest; punitive damages; loss of past or future wages; or by virtue of the laws and statutes of any other jurisdiction, or by virtue of any amendments thereto, or by virtue of any interpretation that may be placed upon such statutes by the courts of Ohio or courts in other jurisdictions; and any and all other claims, damages, or expenses, whether known or unknown, arising out of or by reason of or in any manner connected with the Lawsuit.

6.      Plaintiff agrees never to bring suit, commence, or threaten litigation, file an action, or assert any claim, grievance, or cause of action, in any court of law (state or federal), or before any administrative agency, licensing board, accreditation organization, professional society, or regulatory body (state, federal or local), arising out of, incidental to, or in any manner connected with the subject matter described in this Agreement. Plaintiff understands that this includes any claims for personal injuries; medical negligence; civil rights violations; violation of any state or federal laws; violations of any constitutional rights recognized under the Constitution of the State of Ohio or of the United States; prejudgment interest, and/or post-judgment interest; punitive damages; pain and suffering, loss of companionship, services, consortium, society, or support,

mental or emotional distress, hospital, medical, pharmaceutical or nursing expenses, lost wages, and interest of any type.

7. To procure the payment of the foregoing consideration, Plaintiff hereby declares that no representations about the nature and extent of any injuries, disabilities, or damages made by any attorney, or agent of the County, nor any representations regarding the nature and extent of legal liability or financial responsibility of the County have induced Plaintiff to enter into this Agreement.

8. Plaintiff further represents that, in determining the amount of the foregoing consideration, there has been taken into account not only the ascertained damages sustained, but also the possibility that any damages sustained may be uncertain and indefinite, so that consequences not now anticipated may occur, and that this Agreement is intended to compromise and terminate all claims for injuries, disabilities, and damages of whatever nature, both known and unknown, including all future developments thereof, in any way growing out of or connected with the Lawsuit.

9. The Parties acknowledge that each continues to bear responsibility for any debts or other obligations they may owe. Plaintiff understands that this Agreement does not obligate the County Defendants or Cuyahoga County to pay any medical expenses, liens, or any other outstanding debts that may be owed to any party claiming a right or entitlement to all or part of the settlement amount.

10. It is expressly understood and agreed that the County Defendants admit no liability of any sort by reason of this settlement or the payment of the foregoing consideration, and that

said payment is made solely to terminate the Lawsuit, and end any further controversy with respect to the matters described hereinabove.

11.     The Parties hereby declare that each of them has read this Agreement, that they have had a full opportunity to consult legal counsel concerning its terms and the settlement described herein, that each fully understands the terms of same, that they enter into this Agreement relying solely upon their own judgment and the advice of their own legal counsel, and that each executes this Agreement as their own voluntary act. The County and all persons or entities released under this Agreement expressly deny any liability.

12.     The consideration stated hereinabove is the full consideration for this Agreement and Plaintiff voluntarily accepts said sum for the purpose of making a full and final compromise. In the event that one or more of the provisions of this Agreement is deemed to be illegal or unenforceable, the remainder of this Agreement shall not be affected thereby, and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

13.     Without in any way affecting the generality of the foregoing, Plaintiff expressly warrants, represents, covenants, and agrees to waive the provisions of any statute, regulation, common law, or equitable principle that would in any way operate to preclude this Agreement from being a full, final, and complete release as to the County, or any other person or entity released under this Agreement, with respect to the matters described above.

14.     Plaintiff expressly warrants, represents, covenants, and agrees that he has not assigned any of the matters encompassed in this Agreement in whole or in part to any person or

entity and that Plaintiff has full and absolute control over the disposition and release of the matters encompassed in this Agreement.

15. This Agreement shall be construed and interpreted in accordance with the laws of the State of Ohio. This Agreement may be executed in counterparts, and it is the intent of the parties that the copy signed by any party will be fully enforceable against said party. Photocopies, .pdf format, or facsimiles are treated the same as original wet-ink signatures.

16. Plaintiff expressly warrants, represents, covenants, and agrees that this Agreement shall be interpreted and construed as if jointly prepared by Plaintiff and the County Defendants and that this Agreement shall be construed most liberally and broadly to fully release, acquit, and discharge forever the County Defendants and the persons released under this Agreement.

17. Plaintiff expressly warrants, represents, covenants, and agrees that this Agreement constitutes a separate, binding contract by and among Plaintiff, the County Defendants and Cuyahoga County; that Plaintiff's sole and exclusive remedy as to the County Defendants shall be for the performance of this Agreement. This Agreement represents the entire Agreement between the Parties with respect to the subject matter described herein and supersedes any prior understanding, whether written or oral. If any of this Agreement's terms are invalid or unenforceable, the remaining terms and provisions of the Agreement shall be valid and enforceable.

_____

**Witness**

_____

Theo Stubbs
Plaintiff

2/5/2026

Date



**DIANE MOZENA**
Notary Public, State of Ohio
Commission #: 2019-RE-778338
My Commission Expires 04/04/2029

**Witness**

**(REMAINDER OF PAGE LEFT BLANK)**

**CUYAHOGA COUNTY:**

Christopher Ronayne,                        Date
Cuyahoga County Executive, or designee pursuant to
Executive Order No. EO2023-0003, dated July 6, 2023

**APPROVED AS TO FORM BY:**

2-24-26

David Lambert,            Date
Civil Chief, Cuyahoga County Prosecutor's Office

IN ACKNOWLEDGMENT AND AGREEMENT WITH RESPECT TO THE TERMS, RIGHTS, DUTIES AND OBLIGATIONS IMPOSED RESPECTIVELY UPON THE PARTIES HEREINABOVE AND APPROVED AS TO FORM AND CONTENT OF THE ENTIRE AGREEMENT:

**Spangenberg Shibley & Liber LLP**

By: _____

Kevin C. Hulick
*Attorney for Plaintiff Theo Stubbs*

Page 8 of 8