EXHIBIT 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

REVEREND EVAN REGIS
BUNCH,

      Plaintiff,

v.

CUYAHOGA COUNTY, OHIO,
*et al.*,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:26-cv-178

Judge J. Philip Calabrese

Magistrate Judge
Jennifer Dowdell Armstrong

## ORDER

Plaintiff Rev. Evan Bunch filed this civil rights action without a lawyer.  He did not pay the $405.00 filing fee and instead filed an application to proceed *in forma pauperis*.  (ECF No. 2.)  Based on the information that Plaintiff provided in his application and complaint, the Court finds that his allegation of poverty is untrue.  Therefore, the Court **DENIES** Plaintiff's application to proceed *in forma* pauperis and **DISMISSES** the complaint.

In federal court, 28 U.S.C. § 1915 governs *in forma pauperis* applications.  Under this statute, a federal court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, debts, and expenses demonstrating that the person is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  Pauper status does not require absolute destitution, *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x

239, 240 (6th Cir. 2001). Instead, the determination is whether the plaintiff can pay the filing fee without undue hardship. *Id.*

The determination of what constitutes an "undue hardship" lies within the discretion of the court. It requires more than a showing of some hardship. It is not enough that a litigant would have to make adjustments in his monthly budget to pay the filing fee. *Behmlander v. Commissioner of Soc. Sec.*, No. 12–CV–14424, 2012 WL 5457466, at * 2 (E.D. Mich. Oct. 16, 2012) (holding that a person is not a pauper simply because he must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims."). On the other end of the spectrum, the Supreme Court has determined that litigants are not required "to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Other federal courts recognize that pauper status is available only to litigants who demonstrate in their affidavits that the one-time payment of the filing fee will render them unable to provide for themselves and their dependents. *Maddox v. Foley*, No. 3:23-cv-48, 2023 WL 3852943, at *2 (S.D. Ohio May 10, 2023). *In forma pauperis* status is reserved for those plaintiffs who would be required to forgo "food, shelter, clothing, or some other necessity" if they were required to pay a judicial filing fee. *Stone v. Ohio Parole Bd.*, No. 2:21-cv-884, 2021 WL 1740180, at *1 (S.D. Ohio Mar. 4, 2021), *report and recommendation adopted*, No. 2:21-cv-884, 2021 WL 1740181 (S.D. Ohio Mar. 22, 2021); *Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-

2

cv-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007).

The Court takes very seriously a request to proceed with litigation at taxpayer expense. It lies within the Court's discretion to allow a litigant to proceed *in forma pauperis*. *Id*. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Here, Plaintiff indicates to the Court that he earns $3,000.00 per month from his employment. The only asset he lists on his application is a 2021 Jeep Renegade. In his complaint, however, he indicates that he received a $20,000.00 settlement from Cuyahoga County in December 2025. (ECF No. 1, ¶ 12, PageID #2.) Although he filed this action on January 23. 2026, he did not list those funds on his application. Instead, he indicates he has only $53.91 in all of his bank accounts and leaves blank the question asking him to list every person, business, or organization owing money to him and the amount owed. (ECF No. 2, PageID #8–9.) When asked if he expected any major changes to his monthly income or expenses or in his assets or liabilities during the next 12 months, he checked the box for "no." (*Id.*, PageID #11.)

Plaintiff signed his application "under penalty of perjury" attesting that "the information [in the application] is true" and that he "understand[s] that a false statement may result in dismissal of [his] claims." (*Id.*, PageID #7.) Indeed, the statute governing *in forma pauperis* applications, 28 U.S.C. § 1915(e), provides that a court "shall dismiss the case at any time if the court determines "the allegation of poverty is untrue." *Id*. § 1915(e)(2)(A). Plaintiff failed to report the recent

3

$20,000.00 settlement he claims in his complaint.  The receipt of $20,000.00 would make his allegation of poverty untrue.

Moreover, even without taking account of the $20,000.00 settlement, Plaintiff would not qualify as a pauper.  He lists his income as $3,000.00 per month and totals all of his expenses at $2,364.00.  Based on these figures, he would have approximately $636.00 left over each month, after payment of his expenses, from which he could pay the $405.00 filing fee.

For all these reasons, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(A).  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  January 29, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4