**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEO STUBBS, | ) | CASE NO. 1:25-cv-02203-RJS |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| Plaintiff, | ) | REUBEN J. SHEPERD |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WARDEN HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## I.      Introduction

On September 12, 2025, Plaintiff Theo Stubbs ("Stubbs") completed his Complaint and thereafter placed it in the prison mail system. (ECF Doc. 1, p. 7). On September 14, 2025, he completed and filed a motion seeking to proceed with this action *in forma pauperis*. (ECF Doc. 2). Both were received and docketed on October 15, 2025. (ECF Docs. 1, 2). On October 16, 2025, the Court granted Stubbs' motion to proceed *in forma pauperis*. (ECF Doc. 3). On December 5, 2025, Stubbs moved for appointment of counsel and specifically requested Kevin C. Hulick of the law firm Spangenberg, Shibley & Liber LLP. (ECF Doc. 12). Defendants oppose the appointment of counsel (ECF Doc. 27) and move for reconsideration of the Court's order granting Stubbs' motion to proceed *in forma pauperis* (ECF Doc. 28).

The Court finds that Stubbs has demonstrated undue hardship to continue proceeding *in forma pauperis* but may not request appointment of Mr. Hulick to serve as counsel. Therefore, the Court **DENIES** Stubbs' motion for appointment of counsel and **DENIES** Defendants' motion for reconsideration of order granting Stubbs' motion to proceed *in forma pauperis*.

1

## II.      Discussion

### A.      Motion for Appointed Counsel

Stubbs moves to have the Court appoint him an attorney – specifically, Mr. Hulick –

pursuant to 28 U.S.C. § 1915(e)(1). (ECF Doc. 12). Stubbs previously filed another pro se

complaint in this Court – case number 24-cv-01482 – naming as Defendants Cuyahoga County

Corrections Center Warden Michelle Henry, Associate Warden Kevin O'Donnell, and Reverend

Givens, for alleged violations of his constitutional rights while he was a pretrial detainee at the

Cuyahoga County Corrections Center. The Court appointed attorney Kevin C. Hulick of the law

firm Spangenberg, Shibley & Liber LLP as counsel for Stubbs in that case. (ECF Doc. 27-2).

The case settled for $20,000.00 on February 6, 2026. (ECF Doc. 27-1, p. 7). Stubbs now requests

the Court appoint Mr. Hulick as counsel for this proceeding. (ECF Doc. 12).

There is no constitutional right to appointed counsel in a civil case and appointment is

justified only by exceptional circumstances. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir.

2001); *Lassiter v. Department of Social Serv.*, 452 U.S. 18, 25 (1981). The law does not require

the appointment of counsel for indigent plaintiffs, *see Lavado v. Keohane*, 992 F.2d 601, 604-05

(6th Cir. 1993), let alone appointment of counsel specifically requested by an indigent plaintiff.

28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to

afford counsel.") (emphasis added). The statute focuses on a case's substantive and procedural

demands, not a plaintiff's preferences for appointed counsel. And this case does not present the

type of substantive or procedural demands that require appointment of counsel, nor does it

appear that Stubbs is unable to advance his case. He has filed the present motion for appointment

of counsel (ECF Doc. 12), has participated in this Court's conferences, has submitted case

2

management proposals (ECF Doc. 17), and has responded in opposition to dispositive motions (ECF Doc. 18). Appointment of counsel is unwarranted.

Furthermore, the right to appointed counsel in civil proceedings, where it exists at all, extends only to the possibility of appointment, not the selection of a particular attorney. *See Lavado*, 992 F.2d at 604 ("A district court has discretion to appoint counsel for an indigent civil litigant."). A pro se party's prior representation by a specific attorney does not create a legally cognizable expectation of continued representation. If Stubbs wants Mr. Hulick as counsel, he may hire him himself. Thus, Stubbs' motion for appointment of counsel is denied.

### B. Motion to Reconsider Stubbs' Pauper Status

Defendants move to have the Court reconsider Stubbs' pauper status following his $20,000.00 settlement award from another lawsuit concluded on February 6, 2026. (ECF Doc. 28, p. 1). Defendants argue that the settlement means Stubbs can now afford to pay the lawsuit's filing fee. (*Id.* at 1-2).

Federal courts may authorize commencement of civil actions *in forma pauperis* under 28 U.S.C. § 1915. Proceeding *in forma pauperis* is a "privilege," and whether to allow a litigant to proceed *in forma pauperis* is within a district court's discretion. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (citation omitted); *see also Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (reviewing denial of *in forma pauperis* motion for abuse of discretion). Pauper status does not require a showing of absolute destitution. *Foster*, 21 Fed. App'x. at 240 (citation omitted). Rather, a plaintiff must show that paying the filing fee would cause undue hardship. *Id.* (citation omitted).

Undue hardship requires more than simply having to adjust one's monthly budget to pay the filing fee. *Williams v. Viaquest, Inc.*, No. 5:25-CV-2261, 2026 WL 194198, at *1 (N.D. Ohio

Jan. 26, 2026). But litigants are not required "to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Bush v. Ohio Dep't of Rehab. and Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (pauper status is typically reserved for those "who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").

Defendants rely on *Reverend Evan Regis Bunch v. Cuyahoga County, Ohio et al.*, Northern District of Ohio Case No. 1:26-cv-178. (ECF Doc. 28, p. 2). In that case, the plaintiff indicated to the Court that he earned $3,000.00 per month from his employment. (ECF Doc. 28-2, p. 3). The only asset he listed on his application was a 2021 Jeep Renegade. (*Id.*). The plaintiff omitted that he received a $20,000.00 settlement from Cuyahoga County in December 2025. (*Id.*). The court denied the plaintiff's application to proceed *in forma pauperis* and dismissed the case because "[t]he receipt of $20,000.00 would make his allegation of poverty untrue." (*Id.* at pp. 3-4). The court's denial of the plaintiff's application, however, was based on his receipt of $20,000.00 *and* his monthly reported income of $3,000.00 from his employment, which resulted in an inaccurate *in forma pauperis* application at the time of its filing. (*Id.* at p. 4).

Stubbs' financial situation is distinguishable from *Reverend Evan Regis Bunch*. Stubbs is incarcerated, unemployed, and has no assets. (ECF Doc. 2). In addition, Stubbs' application was accurate at the time of the request, and it is not yet clear that he has received the $20,000.00 settlement. (*Id.*; ECF Doc. 28-1, pp. 1-8 (describing that the payment will be made 60 days after the later of two dates: either the executed agreement dated February 24, 2026, or the receipt of Stubbs' tax forms)). The plaintiff in *Reverend Evan Regis Bunch*, on the other hand, was

4

employed with a monthly income of $3,000.00 and owned a car. (ECF Doc. 28-2, p. 3). The plaintiff had the settlement at the time of his application and failed to report it. (*Id.*). A pro se plaintiff such as Stubbs is under no obligation to remain indigent while their case proceeds or else place their pauper status in jeopardy. *See Ayres v. Eggers*, 145 F.R.D. 99, 100 (D. Neb. 1992) (holding that a prisoner proceeding *in forma pauperis* with appointed counsel should be permitted to continue in that capacity after receiving a substantial settlement in an unrelated tort action). Thus, Defendants' motion for reconsideration of order granting Stubbs' motion to proceed *in forma pauperis* is denied.

### III. Conclusion

Stubbs' application was accurate at the time of its making, and he may therefore continue proceeding in this case *in forma pauperis*. However, extraordinary circumstances do not exist to appoint Mr. Hulick to serve as counsel. Therefore, the Court **DENIES** Stubbs' motion for appointment of counsel and **DENIES** Defendants' motion for reconsideration of order granting Stubbs' motion to proceed *in forma pauperis*.

So Ordered.

Dated: March 25, 2026

_____
REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

5