**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRITTNEY D. BOWMAN, | ) | CASE NO. 1:26-cv-00715-PAB |
| | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | REUBEN J. SHEPERD |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **SOCIAL SECURITY STANDING ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

This action brought pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), has been referred for entry of a Report and Recommended pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72.2(b).[1] or, with the consent of the parties, for entry of final judgment pursuant to Local Civil Rule 16.3.1. To ensure a prompt and efficient decision on the issue presented, it is ordered that the parties are to comply with the following requirements:

**Plaintiff's Mandatory Notice to the Government:**

1.      Pursuant to Local Civil Rule 16.3.1(c), Plaintiff's counsel shall; (a) immediately email the case name, case number, and social security number of the claimant or the worker on whose wage record for benefits was filed to the United States Attorney's Office at usaohn.ssacompl@usdoj.gov and the office of regional counsel at ogc.ndoh@ssa.gov; and (b)

---

[1] The requirements of this Initial Order shall also govern proceedings in the event the parties consent to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c).

1

file a certificate with this Court confirming that such notice has been sent, either by separate filing or as an allegation in the complaint.

**Initial Considerations:**

2. The Court establishes the following schedule for disposition of this action in accordance with Local Civil Rule 16.3.1. The Court notes that Rules 6 and 7 of the Supplemental Rules for Social Security Review Actions Under 42 U.S.C. § 405(g) (effective Dec. 1, 2022) provide a different schedule than adopted herein. However, the Court exercises the discretion afforded by Supplemental Rules and opts to follow the Local Civil Rule.

3. The parties are *strongly encouraged* to discuss the potential abandonment of claims or defenses, remand actions,[2] and the potential to consent to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**Response to Complaint:**

4. The Commissioner must, within 60 days of being served with the complaint, file a copy of the certified administrative record which shall suffice as an answer to the complaint, unless a motion to dismiss is filed.

**Plaintiff's Brief on the Merits:**

5. Within 45 days of the filing of the certified administrative record, Plaintiff must file a primary submission entitled: *Plaintiff's Brief on the Merits*. The brief must not exceed 25 pages in length, exclusive of addenda. *Although a 45-day period for filing is allowed, this Court expects that such submission will be filed at the earliest possible date.* Failure to file a merits

---

[2] If, after conferring, Plaintiff or the Commissioner opt to abandon certain arguments, the parties must promptly notify the Court.

brief within 45 days after the answer may result in a recommendation of dismissal for want of prosecution without further notice.

**Commissioner's Brief on the Merits:**

6. Within 45 days of the filing of Plaintiff's brief on the merits, the Commissioner shall file a responsive brief entitled: *Commissioner's Opposition Brief*. The brief must not exceed 25 pages in length, exclusive of addenda. *Although a 45-day period for filing is allowed, this Court expects that such submission will be filed at the earliest possible date.* If no opposition brief is filed within the allowed period, the Court may review Plaintiff's claims on Plaintiff's brief alone.

**Plaintiff's Reply Brief:**

7. Within 14 days after the Commissioner submits an opposition brief, Plaintiff may file a reply brief. Plaintiff's reply brief may *only* address issues raised in the Commissioner's brief, may not raise new issues, and may not reiterate previous arguments. No reply brief may exceed 10 pages.

**Extensions:**

8. This Court will not grant extensions other than on motions demonstrating extraordinary circumstances. Further, any request for an extension of time must be filed at least five days prior to the filing deadline and must indicate whether consent to the extension was sought and/or obtained from the opposing party. Failure to comply with this requirement may result in denial of the request for extension.

**Requirements for Briefs:**

9. The Court requires specific content in briefs on the merits and replies. These requirements are intended to allow each side to identify all essential facts upon which their

3

position is based, to argue for their interpretation of how the law should be applied to those facts, and to eliminate the requirement that the Court search the record for facts not identified by the parties as essential to the determination of the case.

10.     Each party's brief must contain:

a.     An enumerated *Statement of Legal Issues* involved in the case.

Requirements specifically applicable to Plaintiff's *Statement of Legal Issues* are set forth in Paragraph 11 below. Commissioner's specific requirements are set forth in Paragraph 12 below.

b.     A *Statement of Facts* setting forth the facts essential to the determination of the action. Each fact must be supported by a specific reference to the transcript page number on which that fact is found. For example, a citation to a medical finding on page 20 of exhibit 8F and corresponding to page 300 of the administrative transcript should be cited as (Tr. 300), and not as (8F/20). The *Statement of Facts* must accurately recite the record in a neutral tone without argument, coloring, or spin. Arguments should be in the *Argument* section, not in the *Statement of Facts*. **Any fact in the transcript not referred to in a party's** *Statement of Facts* **may be deemed non-essential to the determination of the issues presented**.

c.     An *Argument* containing the party's analysis and advocacy concerning the issues to be decided. Commissioner's brief must specifically respond to the issues raised by Plaintiff.

d.     A *Conclusion* setting forth the specific relief sought by the party.

11.     Plaintiff's *Argument* section must address each of the Commissioner's findings that Plaintiff claims does not have the support of substantial evidence by citing specific

4

references to the evidence in the transcript supporting Plaintiff's arguments. Under this Order, Plaintiff must file the first brief.

12. The Commissioner's brief must contain specific transcript references to the evidence that the Commissioner claims sustain the position that substantial evidence supports the decision at issue.

**IT IS SO ORDERED.**

Dated: March 25, 2026

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

5