**FILED**

MAR 3 1 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Theo Stubbs
Plaintiff

v.

Warden Henry et al.
Defendant

Case No. 1:25-CV-02203

Judge, J. Philip Calabrese

Magistrate Judge Reuben J. Sheperd

Plaintiff's Response To Defendants Brief in Opposition To Appoint Counsel and In Forma Pauperis Status

     The Plaintiff filed In Forma Pauperis months prior to settlement agreement. Furthermore, even though there was a settlement agreement the Plaintiff still hasn't recieved any payment, as of yet. So the Plaintiff is still in poverty until the payment is recieved, and the filling fees will be paid in full of $405.∞. Furthermore, the Defendants attached Reverend Evan Regis Bunch V. Cuyahoga County, Ohio, etal, Case No. 1:26-CV-178, to this brief that has not to do with the Plaintiff's case, which states "Plaintiff failed to report the recent $20,000 settlement he claims in his complaint. The receipt of $20,000 would make his allegation of poverty untrue.

     Moreover, even without taking account of the settlement, Plaintiff would not qualify as a pauper. He listed his income as $3,000.00 per month and totals all of his expenses at $2,364.00. Based on these figures, he would have approximately $636.00 left over each month,

after payment of his expenses from which he could pay $405.00 filing fee." Dated January 29, 2026 by Judge J. Philip Calabrese.

Therefore how is it the Defendant counsel are combining two different cases into one. As of December 17, 2023 the Plaintiff has been incarcerated, and did not have nor had an income of $3,000.00 a month. So how are the Defendants counsel incorperating a settlement of $20,000 with Reverend Evan Regis Bunch v. Cuyahoga County, Ohio Order. Furthermore, the Plaintiff is still in poverty is true, until a payment is recieved. Once payment is recieved all filing fees will be paid in full $405.00. Therefore the courts shall continue with the In Forma Pauperis.

Now the Plaintiff filed Appointment of Counsel, in which the Plaintiff is not able to afford counsel at this time, due to not recieving payment of settlement. As Counsel Kevin C. Hulick was representing Plaintiff during mediation, the Plaintiff tried to retain Mr. Hulick services for this current case, in which the Plaintiff was told to file for appointment of counsel. The reasoning is Mr. Hulick can not retained or take on case himself. The courts have to bring him in Pro Bono through his firm.

Furthermore, the Plaintiff has no other means to find counsel, due to his current situation. Once payment is recieved the Plaintiff can afford counsel. That will not be the case, the case is being able to find counsel to retain. In which the Plaintiff is willing to pay counsel or give counsel a percentage of the winnings from a jury verdict or

settlement. A counsel is needed for a jury trial, by which the Plaintiff can not cross examine self, and/or terms of Mediation.

Respectfully Submitted,
Theo Stubbs Pro Se
Theo Stubbs #820129
N.C.I
15708 McConnelsville RD
Caldwell, Ohio 43724

Certificate of Service

I hereby certify on March 23, 2026, a copy of the foregoing Response Brief was mailed to the courts. A copy of the foregoing was also served on the following party via regular mail to:

Paul M. Shipp
Assistant Prosecuting Attorney
Cuyahoga County Prosecutor's Office
Justice Center · Court Towers
1200 Ontario Street, 8th Floor
Cleveland, OH 44113

Theo Stubbs Prose
Theo Stubbs #820129
N.C.I
15708 McConnelsville RD
Caldwell, OH 43724